**The document below is hereby signed.**

**Dated: March 12, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
DOROTHY B. WILLIAMS,          )   Case No. 11-00761
                              )   (Chapter 7)
            Debtor.           )   Not for publication in
                              )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE MOTION TO VACATE DISCHARGE

Section 524(c)(1) of the Bankruptcy Code (11 U.S.C.) provides that a reaffirmation agreement regarding a dischargeable debt is enforceable only if "such agreement was made before the granting of the discharge under section 727 . . . of this title[.]" The debtor has filed a motion to vacate her discharge in order that two reaffirmation agreements made after entry of the discharge comply with § 524(c)(1). I conclude that a bankruptcy court has no such authority when the discharge was not entered in error.

I

A bankruptcy court may have the authority to vacate a discharge when the discharge order was mistakenly entered in contravention of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, or an order extending the deadline before which a discharge could be issued. *See*, *e.g.*, *Disch v. Rasmussen*, 417 F.3d 769, 779 (7th Cir. 2005); *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466 (9th Cir. 1993). The debtor's motion does not present that type of case.

The debtor's motion alleges that her failure to request a delay of the discharge arose from her counsel's belief that no discharge would be entered prior to the trustee's filing a report in the case. The timing of the entry of a discharge, however, is not tied to when the trustee files a report of no distribution to creditors or a final report regarding distributions to creditors. The clerk's office committed no error in entering the discharge of the debtor when it did. This case does not fit within the rationale of *Disch* and *Cisneros*.

II

The debtor's motion concerns two reaffirmation agreements signed by the debtor *after* entry of the discharge. The debtor's motion, filed on February 2, 2012, fourteen days after entry of the discharge on January 19, 2012, alleges that "[i]t has been debtor's intention to reaffirm both obligations, but until now, both lenders have failed, despite repeated requests, to send debtor the proposed agreements." The debtor, however, could have taken steps to assure that the reaffirmation agreements would be enforceable. She could have filed a motion under Fed. R. Bankr.

2

P. 4004(c)(2) to defer the entry of discharge.  Alternatively, she could have filed a motion under Fed. R. Bankr. P. 4008(a) to enlarge the time to file the reaffirmation agreements, and the pendency of such a motion would have deferred the time for entering a discharge.  Fed. R. Bankr. P. 4004(c)(1)(J) (time to enter discharge is deferred when "a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending").[1]

Once the discharge was entered, a Rule 4004(c)(2) or Rule 4008(a) made after entry of the discharge would have been pointless: with the discharge having already been entered, there would be no entry of discharge to be deferred, and any reaffirmation agreement allowed to be filed belatedly would be unenforceable under § 524(c)(1).  *See In re Salas*, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (if a reaffirmation agreement was "made" after entry of discharge, it matters not whether it is filed because it is not an enforceable agreement).

---

[1] Under § 524(c)(1), the reaffirmation agreement will be enforceable only if it is filed prior to the entry of the discharge.  Although Rule 4004(c)(1)(J) does not indicate that the enlargement of the time to file a reaffirmation agreement defers the time for entry of the discharge until the time for filing the reaffirmation agreement has expired, that seems implicit because the court is granting additional time to file what the debtor intends to be an enforceable reaffirmation agreement if entered into within the enlarged time for filing the agreement.  Because the issue is not clear, a debtor would be better advised to proceed under Rule 4004(c)(2) instead of Rule 4004(c)(1)(J) if there is a chance that the reaffirmation agreement will not have been entered into by the time the court would rule on a Rule 4004(c)(1)(J) motion.

3

A discharge may be revoked in certain circumstances pursuant to 11 U.S.C. § 727(d), but a desire to file a post-discharge reaffirmation agreement is not a basis for such relief, and a debtor lacks standing to seek revocation of a discharge. *Winters Nat'l Bank & Trust Co. v. McQuality (In re McQuality)*, 5 B.R. 302, 303 (Bankr. S.D. Ohio 1980); *Markovich v. Samson (In re Markovich)*, 207 B.R. 909, 911-12 (9th Cir. BAP 1997).

The issue remains whether a debtor may obtain a vacating of the discharge pursuant to Fed. R. Civ. P. 59 (or, when the motion is filed beyond the deadline for a Rule 59 motion, pursuant to Fed. R. Civ. P. 60) for the purpose advanced here.  The better reasoned decisions conclude that a bankruptcy court does not have the authority to vacate a discharge in order to permit a reaffirmation agreement made after entry of the discharge to be enforceable despite § 524(c)(1).  Illustratively, as explained in *In re Bellano*, 456 B.R. 220, 223 (Bankr. E.D. Pa. 2011):

> The majority of courts hold that a reaffirmation agreement made post-discharge is unenforceable. *See, e.g., In re Stewart*, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006) (declining to invoke the court's equitable authority to overcome plain, unambiguous statutory language); *In re Gibson*, 256 B.R. 786, 788 (Bankr. W.D. Mo. 2001) (citing lack of jurisdiction as rationale for declining to approve post-discharge reaffirmation); *In re Rigal*, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000); *In re Collins*, 243 B.R. 217, 220 (Bankr. D. Conn. 2000); *In re Reed*, 177 B.R. 258, 259-60 (Bankr. N.D. Ohio 1995); *In re Whitmer*, 142 B.R. 811, 814 (Bankr. S.D. Ohio 1992); *In re Brinkman*, 123 B.R. 611, 612 (Bankr. N.D. Ind. 1991); *Winters Nat'l Bank & Trust Co. v. McQuality (In re McQuality )*, 5 B.R. 302, 303 (Bankr. S.D. Ohio 1980); *In re Mardy*, 2011 WL 917545, at *3 (Bankr. E.D.N.Y. Mar. 15,

    2011); *In re Engles*, 384 B.R. 593, 598 (Bankr. N.D. Okla. 2008); *In re Clark*, 2010 WL 5348721, at *5 (Bankr. E.D.N.Y. Dec. 21, 2010); *In re Suber*, 2007 WL 2325229, at *3 (Bankr. D.N.J. Aug. 13, 2007). A minority line of authority relies upon the bankruptcy court's equitable powers and/or Fed. R. Civ. P. 60(b)(6) to allow post-discharge reaffirmation agreements but only finding that a demanding evidentiary burden has been met. *See, e.g., In re Edwards*, 236 B.R. 124, 126-27 (Bankr. D.N.H. 1999) (requiring "special circumstances" to be shown); *In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D.N.Y. 1986) (requiring "extraordinary circumstances."); *In re Long*, 22 B.R. 152, 154 (Bankr. D. Me. 1982); and *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D. Pa. 1981).

The court in *In re Bellamo*, 456 B.R. at 223, then agreed with these observations in *In re Stewart* regarding any argument that a bankruptcy court's equitable powers under 11 U.S.C. § 105(a) would be a source of power to vacate the discharge:

> A bankruptcy court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). Bankruptcy courts cannot "use equitable principles to disregard unambiguous statutory language." *In re C-L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir.1990). Section 105(a) "may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." *In re Jamo*, 283 F.3d 392, 403 (1st Cir. 2002). Moreover, because "reaffirmation agreements are not favored," strict compliance with § 524(c) is mandated. *See In re Bennett*, 298 F.3d 1059, 1067 (9th Cir. 2002).

*In re Stewart*, 355 B.R. at 638-39. As noted in *In re Collins*, 243 B.R. 217, 219-20 (Bankr. D. Conn. 2000):

> [The] timing requirement [of Section 524(c)(1)] is imposed as a matter of substantive statutory law and not by procedural rule. While the date for discharge may be delayed in appropriate cases [pursuant to Fed. R. Bankr. P. 4004(c)(2)], the statutory requirement cannot be waived or extended after discharge occurs. [Quoting 3

5

> William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d § 48.8 (1999).] *See also* Fed. R. Bankr. P. 4004 advisory committee's note ("The last sentence of subdivision (c) takes cognizance of § 524(c) of the Code which authorizes a debtor to enter into enforceable reaffirmation agreements *only prior to entry of the order of discharge*.") (emphasis added).

Other recent decisions are in agreement with these observations. *See In re Zaochney*, 2012 WL 506891, *2 (Bankr. D. Alaska Feb. 15, 2012); *In re Wade*, 2011 WL 477812, *1 (Bankr. M.D.N.C. Feb. 03, 2011); *In re Grisham*, 436 B.R. 896, 901 (Bankr. N.D. Tex. 2010); *In re Nichols*, 2010 WL 4922538 (Bankr. N.D. Iowa Nov. 29, 2010); *In re Golladay*, 391 B.R. 417, 424 (Bankr. C.D. Ill. 2008); *In re Rafferty*, 2008 WL 5545266 (Bankr. D. Conn. 2008); *In re Wilhelm*, 369 B.R. 882, 883–84 (Bankr. M.D.N.C. 2007); *In re Carrillo*, 2007 WL 2916328, *1 (Bankr. D. Utah Jul. 25, 2007); *In re Huffman*, No. 07-50139, 2007 WL 1856770, at *1-2 (Bankr. M.D.N.C. June 25, 2007) (refusing to invoke § 105(a) and finding that the requirements under § 524(c) are clear and must be strictly construed); *In re Cottrill*, 2007 WL 1760927 (Bankr. N.D.W. Va. June 19, 2007); *In re Lee*, 356 B.R. 177, 182 (Bankr. N.D.W. Va. 2006).

Because the rule of § 524(c)(1) is a substantive statutory requirement, and not a rule of procedure, vacating the discharge at the debtor's request would amount to a waiver of the protection of § 524(c)(1) which that provision plainly prohibits. Moreover, allowing Rule 59 or Rule 60 to be utilized to vacate a

discharge order would be in conflict with the requirement, clearly implicit in Rule 4004(c)(2), that a deferral of the discharge be sought *prior* to the entry of the discharge.

    Moreover, a discharge is a point of cleavage in a bankruptcy case that has consequences beyond the issue of reaffirmation agreements, and this counsels against allowing debtors to obtain an order vacating the discharge when the clerk has not erred in issuing the discharge.  A discharge terminates the automatic stay with respect to acts against the debtor.  11 U.S.C. § 362(c)(2).  Vacating the discharge could disrupt collection efforts by creditors holding nondischargeable claims taken in reliance on the entry of the discharge and the termination of the

7

automatic stay.[2]  In addition, vacating the discharge imposes costs on the court system, as creditors must be notified when the discharge has been vacated, and when it is entered anew.

It is no answer for the debtor to request that the discharge be vacated as to just the particular creditor, as the proper procedure for waiver of the discharge as to a particular creditor is to follow the reaffirmation procedures of § 524(c), and setting aside the discharge applies to the entire creditor body. As noted in *Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 653 (9th Cir. BAP 1998):

---

[2]  For example, the termination of the automatic stay triggers the running of certain statutes of limitation. *See*, *e.g.*, 11 U.S.C. § 108(c) (statute of limitations for bringing civil action against the debtor); 26 U.S.C. § 6503(h) (statute of limitations for collecting taxes). Vacating the discharge would result in such statutes of limitations operating in fits and starts, not a desirable result.  It could also lead to some uncertainty regarding the calculation of when the statute of limitations becomes effective to bar actions. *See United States v. Falcone*, 2010 WL 1372435 (D.N.J. 2010) (addressing whether, in computing the statute of limitations period, the court should treat the vacating of the discharge as retroactively lifting the automatic stay).

Like a discharge, a dismissal of a case also terminates the automatic stay as to acts against the debtor, and I recognize that dismissal orders are often vacated on the request of the debtor, thus presenting the same problems of statutes of limitation operating in fits and starts and collection efforts being disrupted.  Allowing properly entered discharge orders to be vacated on request of a debtor, however, would needlessly inject such problems when the debtor has failed to comply with the statutory command that any reaffirmation agreement be made prior to the entry of discharge.

>    Congress has only provided two methods for a debtor to waive the discharge of all debts or the dischargeability of specific debts.  Section 727(a)(10) permits a debtor to waive the discharge of all debts simply by executing a postbankruptcy written agreement that is approved by the bankruptcy court.  *See* 11 U.S.C. § 727(a)(10).  Similarly, a debtor may waive the dischargeability of a specific debt if the waiver satisfies the reaffirmation requirements of § 524(c).  *See* 11 U.S.C. § 524(c).

The only difference in this case, as opposed to most cases addressing the issue, is that the debtor acted fairly promptly after the entry of discharge to file her motion to vacate the discharge, filing it 14 days after entry of the discharge.  The motion arises under Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable when the motion is filed within 14 days afer entry of the judgment at issue) because it was filed within 14 days after entry of the discharge.  That the debtor's motion invokes Rule 59 instead of Fed. R. Civ. P. 60 (made applicable by Fed. R. Bankr. P. 9024) does not carry the day for her.  There was no error in the issuance of the discharge, and no manifest injustice would arise from not vacating the discharge.  *See In re Giglio*, 428 B.R. 397, 400 (Bankr. N.D. Ohio 2009).  Whether the debtor proceeded under Rule 59 or Rule 60, relief under those rules is trumped by the prohibition of § 524(c)(1) and Rule 4004(c)(2) against vacating the discharge when the discharge was not entered in error.

9

III

An order follows denying the debtor's motion.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

10